IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| KENT DUTY, | ) ) | Case No.: 2:12-CV-02634-JWL-KGG |
| Plaintiff-Intervenor, | ) ) ) | WITH JURY DEMAND |
| v. | ) ) ) | |
| BNSF RAILWAY COMPANY f/k/a BURLINGTON NORTHERN SANTA FE RAILROAD, | ) ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS AND RESPONSE TO PLAINTIFF AND PLAINTIFF-INTERVENOR'S JOINT REQUEST FOR INSPECTION OF PREMISES**

TO: Plaintiff and Plaintiff-Intervenor (collectively, "Plaintiffs"), by and through their attorneys of record, Marie L. Gockel, Bratcher Gockel & Kingston, L.C., 1935 City Center Square, 1100 Main Street, P.O. Box 26156, Kansas City, MO 64196-6156 and Anne E. Gusewelle, Equal Employment Opportunity Commission, Kansas City Area Office, 4th and State Avenue, 9th Floor, Kansas City, Kansas 66010.

Defendant BNSF Railway Company ("BNSF") serves the following objections and response to Plaintiff and Plaintiff-Intervenor's Joint Request for Inspection of Premises.

**OBJECTIONS AND RESPONSE**

BNSF objects that the request is improper in that it far exceeds the permissible scope of a request for entry on premises under Rule 34(a)(2) and, consequently, does not constitute a valid Rule 34(a)(2) request. The stated purpose of the requested entry is for Plaintiffs to perform an "on-site work analysis." BNSF objects that such term is vague and ambiguous and fails to describe the requested entry with reasonable particularity. Based on BNSF's understanding of that term and similar terms as used by Plaintiffs' counsel, and based on the specifically identified

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF AND
PLAINTIFF-INTERVENOR'S JOINT REQUEST FOR INSPECTION OF PREMISES — Page 1

EXHIBIT E

items in the request, however, it is apparent that Plaintiffs' request goes far beyond the activities described in Rule 34(a)(2). In particular, Plaintiffs seek:

(1) informal interviews with, or at least the ability to converse with, BNSF's employees;

(2) to require BNSF to facilitate and conduct demonstrations of certain operations dictated by Plaintiffs;

(3) to require BNSF to allow its tangible property and personnel to be used to conduct demonstrations;

(4) to require BNSF to ensure that certain operations are performed whether or not those operations would in the ordinary course be conducted when the proposed entry onto BNSF's premises occurs; and

(5) to permit untrained individuals to use BNSF's property and to actively participate in operations conducted with such property.

None of those is permitted under Rule 34(a)(2). Moreover, the request that Plaintiff-Intervenor Kent Duty attend and attempt to demonstrate his ability to perform certain functions is an improper and harassing request, designed to force BNSF to provide Duty, an unsuccessful applicant, with a "trial run." BNSF in its prerogative as an employer permissibly does not utilize such an approach, which would present numerous safety risks and would not resolve the concerns that led BNSF to withdraw its conditional offer of employment in any event.

BNSF further objects that the requested entry and designated activities would be unduly burdensome and cumulative, would present special and significant safety risks (including to those persons present on behalf of Plaintiffs) and would unduly disrupt BNSF's ordinary operations. Such safety risks and disruption of operations outweigh any arguable relevance of any requested entry onto BNSF's premises. BNSF also objects that the request does not

sufficiently and reasonably identify the persons intended to participate in the requested entry onto BNSF's premises.

Because the entire request for entry is based on the various improper activities described above, BNSF will not permit the requested entry onto its premises. Furthermore, although the request for entry does not indicate an intent to engage in activities specified in Rule 34(a)(2), BNSF objects that even a request for entry to engage in otherwise permissible activities would not be relevant to the claims or defenses of any party, or, alternatively, that any relevance would not outweigh the invasion of BNSF's property interests, disruption of its operations, and safety risks. In particular, on any given day, depending on the workload, anyone observing the operations of Locomotive Electricians may or may not see particular activities. Absent an orchestrated demonstration, which BNSF is not required to provide, there is no way to predict what observers would see at any given time on any given day. Consequently, even a properly cabined request for entry onto premises would not be appropriate in this case.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 26, 2013.

                LATHROP & GAGE LLP

                    David C. Vogel
                      Ks. Bar No. 18129
                    Jack D. Rowe
                      D. Kan. 70005

                2345 Grand Blvd., Suite 2600
                Kansas City, Missouri 64108
                Telephone: (816) 460-5611
                Telecopier: (816) 292-2001
                Email: dvogel@lathropgage.com
                Email: jrowe@lathropgage.com

                OF COUNSEL:

                By: /s/ Bryan P. Neal
                Bryan P. Neal
                    Texas Bar No. 00788106
                Stephen F. Fink
                    Texas Bar No. 07013500
                THOMPSON & KNIGHT LLP
                One Arts Plaza
                1722 Routh Street, Suite 1500
                Dallas, Texas 75201
                Telephone: (214) 969-1700
                Telecopier: (214) 969-1751
                Email:  Bryan.Neal@tklaw.com
                Email: Stephen.Fink@tklaw.com

                ATTORNEYS FOR DEFENDANT
                BNSF RAILWAY COMPANY

## CERTIFICATE OF SERVICE

I certify that on August 26, 2013, this pleading was served by electronic mail on all counsel of record as follows:

Anne E. Gusewelle, Esq.
Equal Employment Opportunity Commission
Kansas City Area Office
4th and State Avenue, 9th Floor
Kansas City, Kansas 66010
anne.gusewelle@eeoc.gov
Attorneys for Plaintiff

Marie L. Gockel, Esq.
Bratcher Gockel & Kingston, L.C.
1935 City Center Square
1100 Main Street
P.O. Box 26156
Kansas City, Missouri 64196-6156
marie@bgklawyers.com
Attorneys for Plaintiff-Intervenor

By: /s/ Bryan P. Neal
Bryan P. Neal

031432 000487 7662561.3