# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Equal Employment Opportunity Commission,**

        Plaintiff,

**Kent Duty,**

        Plaintiff-Intervenor,                  Case No. 12-2634-JWL

**v.**

**Burlington Northern Santa Fe Railroad,**

        Defendants.

## MEMORANDUM & ORDER

The Equal Employment Opportunity Commission (EEOC) filed suit against defendant Burlington Northern Santa Fe Railroad (BNSF) under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., alleging that BNSF regarded a job applicant as disabled when it failed to hire that applicant to work as a locomotive electrician. That job applicant, Kent Duty, intervened in the lawsuit, alleging the same "regarded as" claim set forth by the EEOC and additional claims under the ADA—namely, that BNSF failed to hire him based on an actual disability and/or in retaliation for engaging in protected activities and failed to reasonably accommodate his disability. This matter is presently before the court on plaintiffs' joint motion for review (doc. 127) of the magistrate judge's order granting in part and denying in part plaintiffs' motion to compel defendant to permit an inspection of its Argentine facility under Federal Rule of Civil Procedure 34. As will be explained, the motion is denied.

By way of background, BNSF hired Mr. Duty as a locomotive electrician subject to a medical examination. Several months later, BNSF revoked the conditional offer of employment that it had extended to Mr. Duty because it determined, after a medical evaluation, that he could not meet BNSF's requirement that he have three points of contact when ascending and descending ladders and he could not grip tools firmly with both hands. Mr. Duty does not dispute that he has physical impairments to his right hand and wrist as a result of injuries he sustained in a car accident and that, as a result of this impairment, Mr. Duty has limited grip strength in his right hand and limitation in the range of motion in his right hand and wrist. In light of BNSF's contention that Mr. Duty could not perform the essential functions of the locomotive electrician position, plaintiffs filed a motion to compel BNSF to allow plaintiffs and their experts access to BNSF's Argentine facility "to observe, measure, document and record performance of the essential functions of the Locomotive Electrician position and consider potential accommodations for Mr. Duty, as permitted under Rule 34 of the Federal Rules of Civil Procedure."

In large part, Magistrate Judge Gale denied the motion and concluded that many aspects of plaintiffs' request went beyond the proper scope of a Rule 34 inspection. Judge Gale concluded that plaintiffs were not entitled to pose questions to BNSF's employees during the inspection; that BNSF was not required to designate which tasks being observed are "essential functions" relied upon by BNSF in denying employment to Mr. Duty; that BNSF was not required to provide a viewing of "representative tasks" at issue in the case; and that plaintiffs would not be permitted to engage in on-site testing of Mr. Duty in an effort to prove that Mr. Duty could perform the tasks being observed. In the end, Judge Gale concluded that plaintiffs

(plus one attorney each, one expert and one camera operator) were entitled to observe (from a designated area) Locomotive Electrician work being performed in the ordinary course of business over a two-day period lasting no more than 6 hours per day. Judge Gale further ordered that persons attending the inspection could not ask substantive questions of BNSF employees and that BNSF was required to accommodate reasonable requests from plaintiffs' expert to approach the work area to make measurements of the work area and climbing devices.

In their motion to review, plaintiffs challenge only that aspect of Judge Gale's order that "relieves" BNSF of the "obligation" to ensure that plaintiffs observe a Locomotive Electrician actually performing the essential functions that BNSF claims Mr. Duty could not perform. According to plaintiffs, they and their expert need the ability to view these job functions so that they can create an accurate test to demonstrate that Mr. Duty can perform them. In reviewing Judge Gale's order, the court is required to defer to the magistrate judge's ruling "unless it was clearly erroneous or contrary to law." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Curiously, plaintiffs' motion to review does not reference this standard in any respect and plaintiffs do not even suggest that Judge Gale's order is clearly erroneous or contrary to law— plaintiffs simply disagree with Judge Gale's approach and ask this court to modify the order. In response to BNSF's suggestion that plaintiffs' approach is fatal to their request for review, plaintiffs urge in their reply brief that "this court is free to render its own decisions under de novo review, regardless of whether it feels a mistake has been committed."

In support of their argument that the court should give do novo review to Judge Gale's order, plaintiffs rely on *Leventhal v. Schaffer*, 612 F. Supp. 2d 1026, 1036 (N.D. Iowa 2009) and contend that *Leventhal* holds that the "clearly erroneous" standard is the "minimum" standard of

3

review applicable to non-dispositive orders under Federal Rule of Civil Procedure 72(a). Plaintiffs' reading of the *Leventhal* decision is both bewildering and inaccurate. The district court in *Leventhal* analyzed the standard of review applicable to a magistrate judge's report and recommendation concerning dispositive matters under Federal Rule of Civil Procedure 72(b) when a party has not made an objection to that report and recommendation. *Id.* at 1034-36. *Leventhal*, then, clearly has no application to this case in which plaintiffs seek review of a magistrate judge's order on a non-dispositive pretrial matter. Without question, the court will not and cannot conduct a de novo review, but instead uses a highly deferential standard under which plaintiffs must show that Judge Gale's order is clearly erroneous or contrary to law. *See In re Urethane Antitrust Lit.*, 2014 WL 61799, at *1 (D. Kan. Jan. 8, 2014). Because plaintiffs essentially concede that they are entitled to relief, if at all, only under a de novo standard of review, their motion to review is denied.

Even assuming that plaintiffs had argued in their motion that Judge Gale's order was clearly erroneous, the court would deny the motion. Federal Rule of Civil Procedure 34(a) governs requests for entry onto land for purposes of inspection and it permits entry "so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). While Rule 34 permits the observation of machinery, work practices, or manufacturing operations on a party's premises, it is within the court's discretion to deny or limit an inspection if the discovery can be obtained through other means that is more convenient or less burdensome or if the burden of the inspection outweighs its likely benefit. *Lykins v. CertainTeed Corp.*, 2011 WL 6337631, at *4 (D. Kan. 2011).

4

In his order, Judge Gale determined that plaintiffs' request that BNSF ensure that plaintiffs observe the performance of each and every task it considers essential to the Locomotive Electrician position went far beyond an "inspection" contemplated under Rule 34. As explained by BNSF, it could satisfy plaintiffs' request only by providing a demonstration of those tasks—and plaintiffs insist, as they must under the Rule, that they are not asking for a demonstration—because the essential functions of the position are not necessarily performed every day or even every month. BNSF's evidence demonstrates that the work performed on any given day by a Locomotive Electrician, who performs inspection and repair work, varies depending upon what specific electrical issues exist and what electrical components need to be serviced on the particular locomotive that has come to the Argentine facility for maintenance or repair work. According to BNSF, an observer could stand in the repair shop for months and still not observe all of the tasks that a Locomotive Electrician must be able to perform.

Plaintiffs have not challenged this evidence in any respect and do not indicate how they intend to observe all the functions that BNSF claim are essential without requiring BNSF to provide a demonstration of those tasks. Plaintiffs, then, cannot show that Judge Gale's order is clearly erroneous. *See L.H. v. Schwarzenegger*, 2008 WL 782734, at *5 (E.D. Cal. 2008) ("Rule 34 does not require a party to perform tests or demonstrations for a requesting, opposing party."). As an alternative to modification of Judge Gale's order, plaintiffs request that the court enter an order that BNSF cannot rely on any job function that plaintiffs have not observed as the basis for asserting that Mr. Duty is not qualified for the Locomotive Electrician position. Plaintiffs did not seek this relief from Judge Gale and cannot do so now on a motion to review.

*See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (issues raised for the first time in objections to magistrate's recommendation are waived).

For the foregoing reasons, plaintiffs' motion for review is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' joint motion for review (doc. 127) of the magistrate judge's order granting in part and denying in part plaintiffs' motion to compel defendant to permit an inspection is **denied**.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge