# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| KENT DUTY, ) | Case No.12-02634-JWL-KGG |
| ) | |
| Plaintiff-Intervenor, ) | |
| v. ) | |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER ON DEFENDANT'S MOTION
## FOR PARTIAL RECONSIDERATION OF ORDER
## ON DEFENDANT'S MOTIONS TO COMPEL

Now before the Court is Defendant's "Motion For Partial Reconsideration by Magistrate Judge of Order on Defendant's Motions to Compel" (Doc. 151). For the reasons set forth below, the Court **GRANTS** this motion.

The nature and background of this employment discrimination case and the underlying motion were summarized and addressed in the Court's prior Order (Doc. 150). The Court also addressed discovery standards. (*Id*.) Those relevant portions of that Order are incorporated herein by reference.

Defendant argues that the Court should reconsider the portions of its Order addressing the disputed relevance of EEOC conciliation materials because the

EEOC did not raise a relevance objection in response to the underlying discovery requests (Requests for Production Nos. 13, 15, 23-33, and Interrogatories Nos. 4, 10, and 11). Rather, the objection was not raised until the EEOC responded to Defendant's motion. (Doc. 151, at 2-3.)

Defendant correctly argues that this Court has routinely held that "an objection not raised in the initial discovery response is deemed waived if subsequently raised for the first time in response to a motion to compel." *Seed Research Equipment Solutions, LLC v. Gary W. Clem, Inc.*, No. 09-1282-EFM-KGG, 2011 WL 1743232,*1 (D. Kan. May 6, 2011) (citing *Anderson v. United Parcel Service, Inc.*, No. 09–2562–KHV–DJW, 2010 WL 4822564, at n. 11 (D.Kan. Nov. 22, 2010) (internal citation omitted)). Plaintiff argues the Court's inherent power to control discovery (Doc. 158, at 1-2), but provides no legal authority to address the fact that it waived the relevance objection.

As such, the Court reconsiders its prior Order and finds that Plaintiff waived any relevance objection to Requests for Production Nos. 13, 15, 23-33, and Interrogatories Nos. 4, 10, and 11. To the extent the Court sustained this objection in its prior Order – and denied Defendant's motion on that basis – the objection is now **overruled** and Defendant's motion is **GRANTED** accordingly.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial

Reconsideration by Magistrate Judge of Order on Defendant's Motions to Compel (Doc. 151) is **GRANTED** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 4th day of June, 2014.

                                     S/ KENNETH G. GALE
                                     KENNETH G. GALE
                                     United States Magistrate Judge