## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Equal Employment Opportunity Commission,**

       **Plaintiff,**

**Kent Duty,**

       **Plaintiff-Intervenor,**          **Case No. 12-2634-JWL**

**v.**

**BNSF Railway Company,**

       **Defendant.**


## MEMORANDUM & ORDER

The Equal Employment Opportunity Commission (EEOC) filed suit against defendant BNSF Railway Company ("BNSF") under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., alleging that BNSF regarded a job applicant as disabled when it failed to hire that applicant to work as a locomotive electrician.  That job applicant, Kent Duty, intervened in the lawsuit, alleging the same "regarded as" claim set forth by the EEOC and additional claims under the ADA—namely, that BNSF failed to hire him based on an actual disability and/or in retaliation for engaging in protected activities and failed to reasonably accommodate his disability.  This matter is presently before the court on BNSF's motion for partial review (doc. 152) of the magistrate judge's order granting in part and denying in part BNSF's motion to compel responses to BNSF's first interrogatories and first requests for production of documents from the EEOC.  As will be explained, the motion is denied.

By way of background, BNSF propounded numerous discovery requests to the EEOC relating to the facts underlying the EEOC's belief that BNSF had discriminated against Mr. Duty. BNSF sought, for example, the EEOC's investigative file relating to Mr. Duty's charge, including all documents reviewed by the EEOC prior to the issuance of its "probable cause" determination letter and the identification of all persons interviewed in connection with the investigation. BNSF further sought documents reflecting any communications between the EEOC and Mr. Duty prior to the issuance of the EEOC's determination letter and all documents supporting a variety of contentions alleged by the EEOC in its complaint, including the EEOC's contention that BNSF violated the ADA and that Mr. Duty is qualified for the BNSF position he sought. In response to these requests, the EEOC asserted that the information sought was protected from discovery by several privileges, including the deliberative process privilege. The magistrate judge's ruling with respect to the deliberative process privilege is the only ruling challenged by BNSF.

In its briefing before the magistrate judge, the EEOC argued for the application of the deliberative process privilege and, for the first time, argued that the information relating to the EEOC's investigation or underlying the EEOC's "cause" determination was not relevant in any event. Judge Gale held that the deliberative process privilege applied to the information sought and that BNSF had identified no proper purpose for which the information might otherwise be relevant.[1] In its motion to review, BNSF asserts that Judge Gale did not reach the deliberative

---

[1] Based on its asserted belief that "relevance is part of the balancing test used in evaluating deliberative process privilege objections," BNSF has expressly declined to challenge the fact that the magistrate judge ruled on the relevance objection despite the fact that the EEOC did not assert that objection in response to BNSF's discovery requests.

process privilege issue and, instead, held only that the information sought by BNSF was not relevant.  BNSF, then, asks this court to find that Judge Gale erred in his relevance analysis and to remand the deliberative process issue to Judge Gale.  The motion is denied.  There is no question that Judge Gale reached the deliberative process privilege issue and he expressly sustained the EEOC's assertion of that privilege with respect to the requests at issue.  Remand, then, is not necessary.  Moreover, the court cannot conclude that Judge Gale's ruling on the relevance issue is clearly erroneous.  *Allen v. Sybase, Inc*., 468 F.3d 642, 658 (10th Cir. 2006) (court is required to defer to the magistrate judge's ruling "unless it was clearly erroneous or contrary to law").

BNSF urges that the information sought is relevant for impeachment purposes. According to BNSF, the EEOC will assert to the jury its opinion as an "expert" agency that BNSF discriminated against Mr. Duty and the jury will "likely assume" that the EEOC used its expertise and experience to carefully investigate and analyze the facts and the law before concluding that BNSF discriminated against Mr. Duty in violation of the ADA.  BNSF, then, seeks information relating to the investigatory process to impeach the process by which the EEOC arrived at its conclusion that BNSF discriminated against Mr. Duty.  Contrary to BNSF's argument, there will be no opportunity at trial for the EEOC to assert or suggest to the jury that it concluded, based on its alleged expertise, that BNSF discriminated against Mr. Duty.  The EEOC's determination will not be admitted into evidence and no witness will testify about the EEOC's belief that discrimination occurred in this case.  The court, then, can discern no testimony or documentary evidence concerning the EEOC's investigation or determination that BNSF would need to impeach.  With respect to BNSF's speculative statement that the jury will

assume that the EEOC would not bring this case unless it had determined, based on its expertise, that discrimination had occurred, the court will, if desired by BNSF, provide the jury with a limiting instruction to the effect that they must not give any weight to the fact that the EEOC is a plaintiff in this case.

Finally, the court notes that BNSF may have been able to show that certain information it sought in discovery was both relevant and not covered by the deliberative process privilege. But for whatever reason, BNSF elected to pursue its motion to compel by addressing, with a broad brush, the objections and privileges asserted by the EEOC. BNSF does not address how those objections or privileges might apply (or not) to any specific requests propounded by BNSF or any specific information sought by BNSF. Thus, the court does not suggest in this order that all information relating to the EEOC's investigative process is irrelevant in a case brought by the EEOC. In another case, upon a particularized showing of relevance, the result might well be different. In this case, however, the court rejects BNSF's single, broad contention that information relating to the EEOC's investigation is relevant as impeachment evidence.

For the foregoing reasons, plaintiffs' motion for review is denied.


**IT IS THEREFORE ORDERED BY THE COURT THAT** BNSF's motion for partial review order on BNSF's motion to compel (doc. 152) is **denied**.


**IT IS SO ORDERED.**


Dated this 6th day of June, 2014, at Kansas City, Kansas.

4

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge