IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| KENT DUTY, ) ) | Case No.12-02634-JWL-KGG |
| Plaintiff-Intervenor, ) | |
| v. ) ) | |
| BNSF RAILWAY COMPANY, ) ) | |
| Defendant. ) _____ ) | |

**ORDER ON PLAINTIFF AND PLAINTIFF-INTERVENOR'S
MOTION TO COMPEL DEFENDANT TO APPROPRIATELY ANSWER
PLAINTIFFS' REQUEST FOR ADMISSIONS**

Before the Court is the Joint Motion to Compel Defendant to Appropriately Answer Plaintiff's Request for Admissions filed by Plaintiff and Plaintiff-Intervenor. (Doc. 208.) After consideration of the parties' submissions, the motion is **GRANTED in part** and **DENIED in part**.

Plaintiff and Plaintiff-Intervenor challenge objections made to requests for admission promulgated to Defendant, and challenge qualifications made to certain responses. The Court will address these categorically.

Defendant objected as to "time frame" to several requests for information concerning job requirements which included periods beyond Plaintiff-Intervenor's

employment (Requests 1-9).  Defendant presents a narrow view of the admission of such evidence at trial, while Plaintiff and Plaintiff-Intervenor argue broadly that such evidence will be relevant to a determination of whether job requirements were or were not "essential."  This is essentially a question of the scope of discovery.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991),

appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

At this point in the case, these questions are within the scope of discovery under Fed.R.Civ.P. 26.  Plaintiffs have described plausibly how that evidence may contribute to their trial theories.  Those objections are overruled.  In each of those responses, Defendant provided responses "without waiving" that objection.  This Court has consistently found that such conditional responses are improper.[1]  Therefore, those answers now stand as stated without objection.  This ruling is equally applicable to the "scope" objection to Request 21, which is also overruled.  Of course, this ruling does not make those admissions admissible at trial, and whether the scope of the requests exceeds evidentiary relevance is a question for the trial court.  The motion is **GRANTED** as to these objections.

Defendant objected as to the relevance of Requests 19 and 20.  Each of these requests asks for admission that certain documents produced in discovery in this

---

[1] Conditional responses "occur when 'a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections.'" *Westlake v. BMO Harris Bank N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, *3 (D. Kan. March 17, 2014) (*citing Sprint Comm'n Co., L.P. v. Comcast Cable Comm'n, LLC*, Nos. 11–2684–JWL, 11–2685–JWL, 11–2686–JWL, 2014 WL 54544, *2, 3 (D. Kan. Feb. 11, 2014).  *See also*, *Everlast World's Boxing Headquarters Co. V. Ringside, Inc., et al.*, No. 13-2150-CM-KGG, 2014 WL 2815515, at *3 (D. Kan. June 23, 2014).  This Court reiterates its agreement with the *Sprint* decision that found such conditional responses to be "invalid," "unsustainable," and to "violate common sense."  2014 WL 54544, *2, 3.

case were not provided to the EEOC during its administrative investigation. Neither the EEOC's investigation nor its conclusions are relevant in this case, and the Court has previously denied similar discovery. (*See generally* Doc. 150; *see also* **Abade v. JBS USA, LLC**, No. 10-2103-PAB-KLM, 2013 WL 5812478, at *2 (D. Col. Oct. 29, 2013)). Movants have failed to demonstrate the relevance of these requests. The objections are sustained and the answers stricken. The Motion is **DENIED** as to these objections.

Under Fed.R.Civ.P. 36(a)(4), if an answer is not admitted, the answer must specifically deny the request

> or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, or when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Movants challenge certain qualifications added to Defendants admission of requests. (Requests 1, 2, 3, 21.) Upon review of those responses, the Court cannot conclude that they are not "good faith" qualifications as required by the rule. *See* **Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.**, No. 12-2350-SAC, 2014 WL 806071, n.28 (D. Kan. Feb. 28, 2014). Each of those requests remains "admitted" and it will be for the trial court to decide whether the qualification comments are irrelevant surplusage or should be included with the response if submitted to the

4

jury. The motion is **DENIED** as to these qualifications.

**IT IS THEREFORE ORDERED** that the Joint Motion to Compel Defendant to Appropriately Answer Plaintiff's Request for Admissions filed by Plaintiff and Plaintiff-Intervenor (Doc. 208) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of January, 2015.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge