# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| KENT DUTY, ) | Case No.: 2:12-CV-02634-JWL-KGG |
| ) | |
| Plaintiff-Intervenor, ) | |
| v. ) | |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER DENYING ON PLAINTIFFS' JOINT MOTION
TO COMPEL  DEFENDANT TO PERMIT INSPECTION OF PREMISES**

This is an employment discrimination case brought under the Americans with Disabilities Act.  The facts of this case were summarized by this Court in its Order (Doc. 118) on Plaintiff's prior Joint Motion to Compel Defendant to Permit Inspection of Premises.  (Doc. 92.)  That factual summary is incorporated herein by reference.  (Doc. 118, at 1-2.)

In the Court's prior Order, the undersigned Magistrate Judge held that Plaintiffs would be allowed to perform a Rule 34 Inspection of Defendant's named premises under the following restrictions:

1. The inspection is to be completed within 45 days of this Order.

2. Participants may include Plaintiff Kent Duty, one attorney for each Plaintiff, one expert, and one camera operator. The participants will observe work being performed from a designated area, except for some reasonable closer access by the expert upon request for the purpose of taking measurements.

3. The inspection may be performed over two days, to be determined by the parties, lasting no more than six (6) hours each day.

4. The persons attending would be able to observe Locomotive Electrician work being performed in the ordinary course of their duties.

5. The persons attending must comply with safety requirements of BNSF and wear personal protective equipment as instructed, at Plaintiffs' expense.

6. The persons attending must sign a release of claims in a form satisfactory to BNSF.

7. At all times the persons attending must stay in designated locations and follow all BNSF safety instructions.

8. The persons attending may not ask substantive (as opposed to administrative) questions of BNSF employees.

9. The persons attending may take photographs and video recordings so long as they do not take photographs or video of any person who does not consent and so long as they agree to produce

>   copies of such photographs and video to BNSF.
>
> 10. Defendant will accommodate reasonable requests from Plaintiff's expert to approach the work area to make measurements of the work area and climbing devices.
>
> 11. The parties shall consult further to agree to such other conditions and accommodations are consistent with this Order.

(Doc. 118, at 8-9). Plaintiffs appeal of this ruling to the District Court was denied by the District Judge. (Doc. 144.)

Plaintiffs now move the Court for another Order allowing an inspection, but argue that the present motion is "substantially different from their first request." (Doc. 222, at 3.)

> Unlike their first request for inspection, Plaintiffs do not seek to: (1) pose any substantive questions to BNSF employees; (2) require BNSF to identify any essential job functions; or (3) allow on-site testing of Mr. Duty to demonstrate that he can perform the tasks in question. Nor do plaintiffs seek a viewing of all 105 tasks at issue, but rather Plaintiffs now seek to observe only six specific job tasks which were described by the BNSF employee/witnesses in their depositions.

(*Id*.)

The Court does not agree that Plaintiff's most recent inspection request is "substantially different" than the prior request. To the contrary, the Court finds that Plaintiffs are attempting a second bite at the same apple. Plaintiff is again

requesting that they "observe . . . specific job tasks . . . ." Like the previous request, Plaintiffs are essentially asking the Court to order Defendants to perform a demonstration of the listed tasks. The Court has already ruled that this is beyond the proper scope of a Rule 34 inspection. The Court previously held that it would not require Defendant to ensure that certain tasks be performed during an inspection as this would constitute "more than a mere inspection." (Doc. 118, at 6.) Simply because Plaintiff is now seeking to witness an arguably new – or a smaller – list of tasks does not mean that Plaintiffs have raised a "substantially different" requested inspection. Plaintiffs have presented no compelling reason to be allowed to perform an additional – and redundant – inspection. Plaintiffs' Motion (Doc. 221) is, therefore, **DENIED**.

    **IT IS SO ORDERED**.

    Dated at Wichita, Kansas, on this 4th day of February, 2015.

                                    S/ KENNETH G. GALE
                                    KENNETH G. GALE
                                    United States Magistrate Judge